IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO. 3:18cr182-HTW-LRA

MICHAEL LEBLANC, SR.,                                  18 U.S.C. § 371
TAWASKY VENTROY,                                       18 U.S.C. § 666(a)(2)
MICHAEL LEBLANC, JR., and
JACQUE JACKSON

**The Grand Jury charges:**

At all times relevant to this Indictment:

1.      The Mississippi Department of Corrections ("MDOC") was a state government

agency as that term is defined in Title 18, United States Code, Section 666(d), and, as such,

received benefits in excess of $10,000.00 annually between 2012 and 2015, under federal

programs providing federal assistance to the MDOC.

2.      Kemper County was a state government agency as that term is defined in Title 18,

United States Code, Section 666(d), and, as such, received benefits in excess of $10,000.00

annually between 2012 and 2015, under federal programs providing federal assistance to Kemper

County.

3.      The defendant, **MICHAEL LEBLANC, SR. ("LEBLANC, SR.")**, was a resident

of the State of Louisiana who used corrupt means in an attempt to secure lucrative jail and

detention facility contracts for commissary and other services throughout the State of Mississippi,

and elsewhere.

4.      The defendant, **TAWASKY VENTROY ("VENTROY")**, was also a resident of

the State of Louisiana and he worked for **LEBLANC, SR.**, to help secure the contracts listed in the previous paragraph.

5.     The defendant, **MICHAEL LEBLANC, JR. ("LEBLANC, JR.")**, was a resident of the State of Louisiana who used corrupt means in an attempt to secure lucrative jail contracts for commissary and inmate telephone services with the Kemper County Regional Correctional Facility in Kemper County, Mississippi, and elsewhere.

6.     The defendant, **JACQUE JACKSON ("JACKSON")**, was also a resident of the State of Louisiana and he worked for **LEBLANC, JR.**, to help secure the contracts listed in the previous paragraph.

7.     The defendants, **LEBLANC, SR., LEBLANC, JR., VENTROY and JACKSON** were associated with Brothers Commissary Services, L.LC., domiciled in the State of Louisiana, but operating in the State of Mississippi.  The L.L.C. previously operated under the name of Premier Management Services, L.L.C.

8.     The defendants, **LEBLANC, SR., LEBLANC, JR., VENTROY and JACKSON,** were associated with American Phone Systems, L.L.C., which is domiciled in the State of Louisiana but operating in the State of Mississippi.

9.     Christopher Epps was the Commissioner of the MDOC.

MANNER AND MEANS

Among the means and methods the coconspirators agreed to use to achieve the objectives of the aforementioned conspiracy were the following:

10.     It was a part of the conspiracy that defendants would travel and cause others to travel for the purpose of influencing and meeting with individuals affiliated with the MDOC, Kemper County, and other state and local governments responsible for awarding contracts in

2

connection with state and regional jails, and for other sundry and nefarious purposes.

11.    It was further a part of the conspiracy that defendants would communicate by phone for the purpose of influencing and meeting with individuals affiliated with the MDOC, Kemper County, and other state and local governments responsible for awarding contracts in connection with state and regional jails.

12.    It was further a part of the conspiracy that defendants would use coded language during their face to face encounters with elected and appointed officials and in conversations on the phone with such persons in an effort to avoid detection and responsibility for the methods they employed to secure government contracts.

13.    It was further a part of the conspiracy that defendants would target commissary, telephone, and architectural work within the state and county corrections system.

14.    It was further a part of the conspiracy that defendants, **LEBLANC, SR. and LEBLANC, JR.,** according to **LEBLANC, SR.,** would use to maximum advantage the services of **VENTROY and JACKSON,** being African American, to meet "black on black" with African American elected and appointed officials for the purpose of corruptly influencing them by delivering bribes and by communicating the expectation or the promise of additional bribes and benefits to the elected and appointed officials.

15.    It was further a part of the conspiracy that the defendants would hide their corrupt practices and methods.

16.    It was further a part of the conspiracy that the defendants would cover up and conceal the objectives of the conspiracy and their involvement therein.

## COUNT 1

17.    The allegations contained in paragraphs one through sixteen of this indictment are

realleged and incorporated herein by reference as though fully set forth herein.

18.      From in or around March 2014 and continuing through July 2015, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **LEBLANC, SR., LEBLANC, JR., VENTROY, and JACKSON**, did knowingly and intentionally combine, conspire, confederate, and agree among themselves and with each other and others known and unknown to the Grand Jury to influence and attempt to influence and reward the commissioner of the MDOC and a local county sheriff in connection with the business, transaction, or series of transactions of the MDOC and Kemper County, involving something of value of $5,000.00 or more, that is, the awarding and retention of contracts to companies associated with the defendants, **LEBLANC, SR. and LEBLANC, JR.**, in violation of Title 18, United States Code, Section 666(a)(2).

## OBJECTS

19.      It was an object of the conspiracy that the defendants, **LEBLANC, SR., and VENTROY**, aided and abetted by one another would bribe or attempt to bribe and provide kickbacks and attempt to provide kickbacks to the Commissioner of the MDOC in exchange for the awarding and retention of contracts in connection with the operation of commissaries at various state corrections facilities within the State of Mississippi.

20.      It was an object of the conspiracy that the defendants, **LEBLANC, JR. and JACKSON**, aided and abetted by one another would bribe or attempt to bribe and provide kickbacks and attempt to provide kickbacks to the Sheriff of Kemper County, who at the time was performing duties in an undercover capacity in support of the FBI, in exchange for the awarding and retention of lucrative telephone contracts in connection with the operation of telephone services at a regional detention facility physically located within Kemper County, Mississippi.

21.   In furtherance of the conspiracy and to carry out its objectives, the following overt acts, among others were committed:

a.   On or about October 6, 2014, **LEBLANC, SR.** spoke with an individual about what the Commissioner of the MDOC might need in order to assist in the awarding of phone and commissary contracts.

b.   On or about October 10, 2014, **LEBLANC, SR.** spoke to Christopher Epps, the Commissioner of the MDOC.

c.   On or about October 14, 2014, **LEBLANC, SR.** met with Christopher Epps in his office to discuss business ventures.

d.   On or about October 16, 2014, **LEBLANC, SR.** spoke to an individual about his meeting with Christopher Epps on October 14, 2014.

e.   On or about October 20, 2014, **LEBLANC, SR.** called Christopher Epps to confirm that **VENTROY** would be meeting with Christopher Epps on October 21, 2014, and that a particular sheriff would have to be pushed to award the telephone contract and **LEBLANC, SR.** asked Commissioner Epps to call the sheriff.

f.   On or about October 21, 2014, **VENTROY** brought a $2,000.00 cash bribe or gratuity to Commissioner Epps of the MDOC.

g.   On or about November 4, 2014, **LEBLANC, SR.** called Sheriff Moore to assure Sheriff Moore that **LEBLANC, JR. and JACKSON** speak for **LEBLANC, SR.**

h.   On or about November 19, 2014, **LEBLANC, JR. and JACKSON** met with Sheriff Moore to discuss inmate-calling services and commissary, and **JACKSON** discussed paying Sheriff Moore something of monetary value for a contract.

i.   On or about December 8, 2014, **LEBLANC, JR.** obtained $2,000.00 in

casino chips.

        j.      On or about December 8, 2014, **LEBLANC, JR.** provided a minimum of four $500.00 chips from the Golden Nugget Hotel and Casino to **JACKSON** for delivery to Sherriff Moore.

        k.      On or about December 8, 2014, **JACKSON** gave Sheriff Moore a total of $2,000.00 in casino chips in the men's restroom of the Golden Nugget Hotel and Casino in Biloxi, Mississippi.

        l.      On or about December 15, 2014, **JACKSON** called Sheriff Moore to arrange a meeting at Weidmann's restaurant, and during the conversation, **JACKSON** stated he was scared of the phones.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

22.      The allegations contained in paragraphs one through sixteen of this indictment are realleged and incorporated herein by reference as though fully set forth herein.

23.      That beginning sometime in or about July 2014, and continuing through October 2014, in Hinds County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **LEBLANC, SR. and VENTROY**, aided and abetted by each other, did knowingly and corruptly give, offer, or agree to give something of value to the Commissioner of the MDOC with the intent to influence or reward him in connection with the business, transaction, or series of transactions of the MDOC, involving something of value of $5,000.00 or more, that is, the awarding and the retention of contracts to **LEBLANC, SR.**'s company for Inmate Commissary Services at various regional jail facilities throughout the State of Mississippi. Specifically, on or about October 21, 2014, the defendants, **LEBLANC, SR. and VENTROY**,

6

aided and abetted by each other, paid a $2,000.00 cash bribe to the Commissioner of the MDOC

for the purpose of securing the contract to provide Commissary services to regional corrections

facilities within the MDOC.

All in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT 3

24.     The allegations contained in paragraphs one through nine of this indictment are

realleged and incorporated herein by reference as though fully set forth herein.

25.     That beginning sometime in or about 2014 through on or about December 18, 2014,

in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere,

the defendants, **LEBLANC, JR. and JACKSON**, aided and abetted by each other, did knowingly

and corruptly give, offer, or agree to give something of value to Kemper County Sheriff, James

Moore, a county law enforcement officer cooperating with the FBI in an undercover capacity, with

the intent to influence or reward the sheriff in connection with the business, transaction, or series

of transactions of the Kemper County Board of Supervisors, involving something of value of

$5,000.00 or more, that is, the awarding and the retention of contracts to **LEBLANC, JR.'s**

company for Inmate Telephone Services and Commissary at the Kemper County Regional

Correctional Facility. Specifically, on or about December 8, 2014, the defendants, **LEBLANC, JR.**

**and JACKSON**, aided and abetted by each other, paid a $2,000.00 bribe in the form of casino

chips, which **LEBLANC, JR.** obtained with cash, and subsequently provided to **JACKSON** for

the purpose of giving the casino chips to Sheriff Moore in the men's room at the Golden Nugget, a

location specifically selected for the delivery of the money because the inside of the bathroom was

not covered by casino surveillance cameras.  They provided the bribe to Sheriff James Moore for

the purpose of securing the contract to provide Commissary and Inmate Telephone Services to the

7

Kemper County Regional Correctional Facility.

All in violation of Title 18, United States Code, Section 666(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses alleged in this Indictment, the defendant shall forfeit

to the United States all property involved in or traceable to property involved in the offenses,

including but not limited to all proceeds obtained directly or indirectly from the offenses, and all

property used to facilitate the offenses. Further, if any property described above, as a result of any

act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has

been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the

jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been

commingled with other property, which cannot be divided without difficulty, then it is the intent

of the United States to seek a judgment of forfeiture of any other property of the defendant, up to

the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 981(a)(1)(c); and Title 28, United

States Code, Section 2461.

Warren / Marco for
D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury


This indictment was returned in open court by the foreperson or deputy foreperson of the
Grand Jury on this the __19th__ day of September, 2018.

UNITED STATES MAGISTRATE JUDGE